**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 15-cv-2083-WJM-KLM

ELIZABETH WOJDACZ,

     Plaintiff,

v.

PRESBYTERIAN ST. LUKES' MEDICAL CENTER,
DENVER CITY POLICE DEPARTMENT,
LEWIS, Officer,
TORRES, Officer; Supervisory John Doe Officers,
ROBERT WHITE, Chief,
DENVER DISTRICT ATTORNEY'S OFFICE,
JERILYN SCHOEFILED,
ARAPAHOE COUNTY SHERIFF'S DEPARTMENT,
WOOD, Deputy,
DAVID C. WALCHER,
DAVID KELSO, Sgt; Supervisory John Doe Officers,
ARAPAHOE COUNTY DISTRICT ATTORNEY'S OFFICE,
ERIC FADDIS,
ADDISON L. ADAMS, Judge,
AURORA CITY POLICE DEPARTMENT,
R. RAY, Officer,
C. WILKENDORF, Officer,
L.A. INSURANCE AGENCY,
ANDREA MANRIGUES,
UNIVERSITY OF COLORADO HOSPITAL,
UNIVERSITY PHYSICIANS, INC.,
RESA E. LEWIS,
ROSE MEDICAL CENTER,
CAREPOINT,
DAVID DUCKSUNG MOON,
SUSAN W. RYAN,
DAVID MORRISON,
MATTHEW BUCHANNAN,
ORTHOPEDICS ASSOCIATES, LLC,
SARA MEADOWS, D.O.,

     Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTION, AND ADOPTING THE JANUARY 11, 2017 RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Elizabeth Wojdacz ("Plaintiff") brings this "complex civil action for civil RICO remedy, Civil Rights violations and [] non compliance of EMTALA statutes" *pro se* against multiple Defendants, including: Aurora City Police Department and officers (the "Aurora Defendants"), Arapahoe County Sheriff's Office and officers (the "Arapahoe Defendants"), and Denver Police Department and officers (the "Denver Defendants"). (ECF No. 88 at 3–17.)  This matter is before the Court on the January 11, 2017 Recommendation by U.S. Magistrate Judge Kristen L. Mix ("Recommendation," ECF No. 143) that Plaintiff's Motion for Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65 ("Motion," ECF No. 77) be denied.  Plaintiff filed an objection to the Recommendation.  ("Objection," ECF No. 145.)[1]  Responses were filed by the Arapahoe Defendants and Denver Defendants.  (ECF Nos. 146, 147.)  For the reasons set forth below, Plaintiff's Objection is overruled, the Magistrate Judge's Recommendation is adopted, and Plaintiff's Motion is denied.

## I.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de

---

[1] Plaintiff's filing is labeled a "Request for De Novo Review for Magistrate Recommendation Concerning Protective Order," which the Court construes as an "Objection" to the Magistrate Judge's Recommendation.

novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[2] An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996.) An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Here, Plaintiff filed a timely objection to Judge Mix's Recommendation. *Id.* Therefore, this Court reviews the issues before it *de novo*.

Fed. R. Civ. P. 65 governs preliminary injunctions and temporary restraining orders. A party requesting injunctive relief must clearly establish that four equitable factors weigh in his or her favor: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the

---

[2] Rule 72 is meant to reflect the legislative history of the 1976 amendments to The Magistrates Act. *See* 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3068.2 (2d ed., Apr. 2016 update) ("*Wright & Miller*"). Magistrate judges can "hear and determine any pretrial matter pending before the court," with the exception of eight listed motions–one such exception being a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(A). As to the eight exceptions, a magistrate judge can "conduct hearings, including evidentiary hearings" and submit "proposed findings of fact and recommendations for the disposition" of the matter to the district judge. 28 U.S.C. § 636(b)(1)(B). Rule 72 similarly divides pretrial matters into two categories–dispositive and non-dispositive. *See* Fed. R. Civ. P. 72. In keeping with the legislative intent, "the eight motions listed in the statute [are] governed by the procedures and *de novo* review of Rule 72(b)." 12 *Wright & Miller* § 3068.2.

merits. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Because injunctive relief "is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## II.  BACKGROUND

No parties object to the recitation of facts set forth by Judge Mix in the January 11, 2017 Recommendation. (ECF No. 143 at 3–7.) Accordingly, the Court adopts and incorporates Sections I and II of that Recommendation as if set forth herein. Briefly, Plaintiff alleges that she "is being targeted by law enforcement as retaliation for seeking a murder investigation and coroner's inquest into the death of her son." (ECF No. 140 at 4.) Plaintiff further alleges that efforts to intimidate her by law enforcement have been continual and "seemingly have no end." (ECF No. 140 at 4–5.)

Plaintiff seeks a temporary restraining order to prevent "all Police defendants" from engaging in "witness retaliation, threats, intimidation, harassment, following-stalking-including placing under surveillance, or by causing intentional bodily or financial

4

harm to [Plaintiff] or her property[.]"  (ECF No. 77 at 4; ECF No. 140 at 1.)  Specifically, Plaintiff requests that the restraining order state "that police may not harass threaten or abuse Plaintiff at her church or others at her church, while she goes about her daily business including panhandling as well as that they be restrained from using others to harass threaten or intimidate Plaintiff including area panhandlers and non defendant police."  (ECF No. 77 at 4.)

### III.  ANALYSIS

Judge Mix recommended that Plaintiff's Motion be denied as to all Defendants. (ECF No. 143 at 3.)  Judge Mix made several findings to reach that recommendation.

First, Judge Mix found that the injunctive relief requested by Plaintiff "would require Defendants to act and/or otherwise alter the status quo in relation to their dealings with Plaintiff.  Thus, the injunctive relief sought by Plaintiff 'constitutes a specifically disfavored injunction' that 'must be more closely scrutinized.'" (ECF No. 143 at 5 (quoting *Schrier*, 427 F.3d at 1261).)

As to the alleged incidents involving Aurora Defendants, Judge Mix found Plaintiff's allegations "not specific enough for the Court to conclude that Plaintiff will suffer irreparable harm" and that allegations of retaliation by Aurora Defendants "lack detail" and do not demonstrate that their "activities will lead to irreparable injury."  (ECF No. 143 at 9.)

As to the alleged incidents involving Arapahoe Defendants, Judge Mix found the "allegations regarding past harm lack sufficient detail, [Plaintiff] fails to specify the precise harm that an injunction will prevent" and "she has not demonstrated that the alleged retaliation is likely to continue."  (ECF No. 143 at 10–11.)

As to the alleged incidents involving Denver Defendants, Judge Mix found that "Plaintiff has failed to demonstrate that she will suffer irreparable injury . . . in large part because none of her allegations against the Denver Defendants contain sufficient information for the Court to accept as true Plaintiff's conclusory statements that the Denver Defendants' behavior has been fueled by retaliatory motivations." (ECF No. 143 at 12.)  Judge Mix also noted that Plaintiff's allegations against "unspecified defendants and other actors" are equally lacking in specificity, and therefore she fails to demonstrate irreparable harm as to those unspecified individuals.  (ECF No. 143 at 13.)

Plaintiff's Objection fails to address the majority of the findings or conclusions set forth in the Recommendation.  Instead, Plaintiff argues that "the Magistrate Judge failed to consider the facts presented to the Court." (ECF No. 145 at 4.)  And, "another error would be that as there was no hearing, Plaintiff was limited in her reply, arguments, and requests." (ECF No. 145 at 5.)  Lastly, Plaintiff contends that the Recommendation is contrary to law because Judge Mix only "considered law applicable to denial of order, not applicable law to grant an order." (ECF No. 145 at 5.)

First, the Court finds that Judge Mix applied the correct legal authority in reviewing Plaintiff's Motion.  Second, Judge Mix did not err by not conducting a hearing. Rule 65 does not require a hearing prior to a ruling on a motion for injunctive relief. Fed. R. Civ. P. 65; *See also Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (denial of evidentiary hearing on prisoner's motion for preliminary injunction was not abuse of discretion).  Moreover, the Court is satisfied that a hearing was not necessary under the circumstances because Judge Mix allowed Plaintiff to supplement her argument in Plaintiff's Response to Order to Show Cause ("Show Cause Response").

6

(*See* ECF No. 140.)  Third, the Court finds that Judge Mix thoroughly and sufficiently considered all of the facts before her to inform her analysis.

A careful reading of the Recommendation reveals that Judge Mix referenced a multitude of facts presented not only in Plaintiff's Motion, but also in the Show Cause Response (ECF No. 140) and her Amended Complaint (ECF No. 10).  Furthermore, the Arapahoe Defendants correctly point out that Plaintiff's objection regarding failure to consider the facts "fails with regard to specificity" because she "does not specify what those facts allegedly are."  (ECF No. 147 at 3.)  The Court agrees with the Arapahoe Defendants, and finds that Plaintiff's argument does not constitute a specific objection meriting *de novo* review of the Recommendation.  *See One Parcel of Real Property*, 73 F.3d at 1059; *see also Price v. Reid*, 246 F. App'x 566, 569 (10th Cir. 2007) (plaintiff's failure to identify his objections with specificity precluded *de novo* review).

Plaintiff's Objection also alleges new facts, or embellishes facts previously presented before Judge Mix, that detail "basic retaliation" by law enforcement officials. (ECF No. 145 at 2.)[3]  Plaintiff alleges that an "unlawful arrest in September 2016 by four police officers in Denver" occurred, and that she immediately notified their shift

---

[3] Plaintiff's Show Cause Response contains "background facts" that span June 30, 2014 through December 7, 2016.  (ECF No. 140 at 2–3.)  There, Plaintiff alleges a September 28, 2014 arrest.  (ECF No. 140 at 2.)  Similarly, in Plaintiff's Objection she alleges a "September 2016" arrest, although this arrest was not included in Plaintiff's Show Cause Response.  (ECF No. 145 at 2; *see generally* ECF No. 140.)  Thus, it is unclear to the Court if the Objection contains a date typo, or the "September 2016" event was simply not included in Plaintiff's Show Cause Response, thereby making it a new factual allegation not presented before Judge Mix.

In a similar way, Plaintiff's Objection details events that occurred "weeks after" the "September 2016" arrest that were distinctly spaced within nineteen days of each other.  (ECF No. 145 at 2.)  This mirrors the August 2, 2016 and August 21, 2016 events that were described in Plaintiff's Show Cause Response.  (ECF No. 140 at 3.)  Again, it is unclear if the events alleged in the Objection are the same events detailed in the Show Cause Response based on a date typo, or if they are in fact new factual allegations.

commander to "let him know what happened and to permit him to handle it." (ECF No. 145 at 2.) Plaintiff further alleges that this was followed by acts of retaliation, including "two attacks initiated by police" where "it was obvious police did contact a man and made [a] promise that he would not be arrested or charged for attacking Plaintiff." (ECF No. 145 at 3.) Lastly, Plaintiff asserts "prosecutorial misconduct" by the Denver District Attorney's Office because it "gave preferential treatment to an outside party for their assistance in 'getting even with' or as 'retaliation' against Plaintiff." (ECF No. 145 at 3.)

Whether these are new factual allegations, or an embellishment of facts that were presented to Judge Mix, the Court is unaware of any precedent, nor does Plaintiff point the Court to any relevant authority, that allows Plaintiff to "sandbag" the Magistrate Judge by failing to provide sufficient facts the first go around, and then objecting on the basis of failure to consider those facts not previously presented. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) (in a similar vein, the specificity requirement "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing").

Moreover, even if the Court were to accept the factual allegations contained in Plaintiff's Objection, the Court would find, similar to Judge Mix's finding in her Recommendation, that Plaintiff has not met her heavy burden of demonstrating that she would suffer irreparable harm if her requested relief is not granted. (ECF No. 143 at 9–12.) "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heidman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). Irreparable harm is more than "merely serious or substantial" harm. *Id*. Plaintiff's new or embellished factual allegations regarding past harm lacks sufficient detail to demonstrate a likely future injury that is "certain, great, actual 'and

8

not theoretical.'" *Id.*; *Sampson v. Murray*, 415 U.S. 61, 91–92 (1974) (noting that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief). For example, Plaintiff does sufficiently explain the circumstances surrounding the "assault by a man" that occurred weeks after the "September 2016" arrest.  (ECF No. 145 at 2.)  Nor does Plaintiff explain or support how "these random attacks will continue."  (*Id.* at 4.)

Accordingly, Plaintiff has failed to provide any grounds upon which the Objection can be sustained, and the Recommendation is adopted in full.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiff's Objection (ECF No. 145) to the Magistrate Judge's Recommendation is OVERRULED;

2.      The Magistrate Judge's Recommendation (ECF No. 143) is ADOPTED in its entirety;

3.      Plaintiff's Motion for Temporary Restraining Order (ECF No. 77) is DENIED.

Dated this 16th day of February, 2017.

BY THE COURT:

William J. Martinez
United States District Judge

9