## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge William J. Martínez

Civil Action No. 15-cv-2083-WJM-KLM

ELIZABETH WOJDACZ,

    Plaintiff,

v.

PRESBYTERIAN ST. LUKES' MEDICAL CENTER,
DENVER CITY POLICE DEPARTMENT,
LEWIS, Officer,
PAPPAS, Officer,
HERKO, Corporal,
ALFARO, Corporal,
SANCHEZ, Officer,
VAN PELT, Officer,
GREENWOOD VILLAGE CITY POLICE DEPARTMENT,
JACKSON, Chief,
BRADLEY, Officer,
THOMPSON, Officer,
VOIGT, Officer,
CITY OF GREENWOOD VILLAGE,
SHANNON CHAMBERS-NELSON,
ELIZABETH SHIFFRIN, Judge,
WILLIAM BRUNGER,
TORRES, Officer; Supervisory John Doe Officers,
ROBERT WHITE, Chief,
DENVER DISTRICT ATTORNEY'S OFFICE,
JERILYN SCHOEFIELD,
ARAPAHOE COUNTY SHERIFF'S DEPARTMENT,
WOOD, Deputy,
DAVID C. WALCHER,
DAVID KELSO, Sgt; Supervisory John Doe Officers,
ARAPAHOE COUNTY DISTRICT ATTORNEY'S OFFICE,
ERIC FADDIS,
ADDISON L. ADAMS, Judge,
AURORA CITY POLICE DEPARTMENT,
R. RAY, Officer,
C. WILKENDORF, Officer,
ADLFIGER, Officer,
JOHN DOE, Deputy,
JOHN DOE, Officers,

L.A. INSURANCE AGENCY,
ANDREA MANRIGUES,
UNIVERSITY OF COLORADO HOSPITAL,
UNIVERSITY PHYSICIANS, INC.,
RESA E. LEWIS,
ROSE MEDICAL CENTER,
CAREPOINT,
DAVID DUCKSUNG MOON,
SUSAN W. RYAN,
DAVID MORRISON,
MATTHEW BUCHANNAN,
ORTHOPEDICS ASSOCIATES, LLC, and
SARA MEADOWS, D.O.,

       Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION, AND ADOPTING THE AUGUST 8, 2017 RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Elizabeth Wojdacz ("Plaintiff") brings this "complex civil action for civil RICO remedy, Civil Rights violations and [] non compliance of EMTALA statutes" *pro se* against multiple defendants, including a variety of law enforcement agencies, prosecutors, judges, medical providers, hospitals, private citizens, and corporations. (collectively the "Defendants," ECF No. 88 at 3–17.) This matter is before the Court on the August 8, 2017 Recommendation by U.S. Magistrate Judge Kristen L. Mix ("Recommendation," ECF No. 157) that each individual Defendant's Motion to Dismiss be granted (*See* ECF Nos. 89, 91, 97, 100, 106, 108, 134, 138). Plaintiff filed an objection to the Recommendation. ("Objection," ECF No. 158.) Responses were filed by the Defendants. (*See* ECF Nos. 160, 161, 162, 163, 164, 167, 168, 169.) For the reasons set forth below, Plaintiff's Objection is overruled, the Magistrate Judge's

Recommendation is adopted, and the Defendants' Motions to Dismiss are granted, although Plaintiff is permitted leave to amend in certain limited respects.

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Here, Plaintiff filed a timely objection to Judge Mix's Recommendation. *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

3

(2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe her pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## II. BACKGROUND

No parties clearly object to the recitation of facts set forth by Judge Mix in the August 8, 2017 Recommendation.  (ECF No. 157 at 3–5.)[1]  Accordingly, the Court

---

[1] Plaintiff states in her Objection that she incorporates Judge Mix's background section with the following exception or "correction": "Plaintiff discovered Denver Police had prepared a document that included the truck 'contained contraband[.]' She assumed that document was falsely completed to permit a second arrest at another time for that contraband allegation." (ECF No. 158 at 4.)  Plaintiff fails to demonstrate how this factual assertion changes Judge Mix's legal analysis or contradicts Judge Mix's finding that Plaintiff alleges "that various officers from Denver and Arapahoe County planted contraband in her truck 'with [the] intention of fabricating false criminal' activity in order to imprison her and prevent further participation in judicial proceedings."  (ECF No. 157 at 5 (quoting ECF No. 88 at 35).)  In the Court's view Plaintiff is merely asserting a new fact or is trying to embellish facts previously presented in her Second Amended Complaint.  Accordingly, the Court finds that Plaintiff has failed to

4

adopts and incorporates Section I of that Recommendation as if set forth herein. Briefly, Plaintiff filed a Second Amended Complaint ("SAC") on August 31, 2016. (ECF No. 88.) The SAC is 128 pages in length and consists of 47 claims for relief. (*Id.*)

Plaintiff alleges that she "is being targeted by law enforcement as retaliation for seeking a murder investigation and coroner's inquest into the death of her son." (ECF No. 140 at 4.) Plaintiff further alleges that efforts to intimidate her by law enforcement have been continual and "seemingly have no end." (ECF No. 140 at 4–5.)

For example, Plaintiff alleges that she is being retaliated against for her testimony in a prior case and for filing an affidavit in two other cases (*see Wojdacz v. Norman*, Case No. 12-cv-1483-REB-MEH, and *Sanchez v. Denver Urgent Care, LLC*, Case No. 13-cv-1783-RM-KLM), wherein she stated that she has been approached by law enforcement while panhandling and forced to give up her to spot to other panhandlers, that she was unlawfully arrested during a traffic stop after which her truck was towed and the Denver and Arapahoe County police allegedly planted contraband in it, and that various District Attorneys have refused to file charges against law enforcement. (*See* ECF No. 88 at 22–126.) Plaintiff further sues various parties for malicious prosecution based on traffic-related incidents; she brings claims against multiple medical defendants for failing to treat Plaintiff adequately when Plaintiff believed she needed further care; and she sues an insurance agency for manipulating Plaintiff's address so that she would not receive her insurance documents, and for double charging her for insurance. (*Id.*) Lastly, Plaintiff asserts that all of these actions

---

demonstrate how this "correction" is a basis to reject Judge Mix's Recommendation.

are part of a concerted action to harm her. (*Id*. at 101–26.)

## III. LEGAL ANALYSIS

In her Objection, Plaintiff provides two lists comprising her legal claims. (ECF No. 158 at 2–3.) The first list is labeled, "[o]n claims recommended to be dismissed with prejudice, Plaintiff adopts with disagreement, and reserves the right of resurection [*sic*] of these claims." (*Id*. at 2.)[2] In the Court's view, this is not a proper objection. There is no such "right of resurrection," and "adopting with disagreement" does not indicate to the Court that Plaintiff objects to Judge Mix's findings, rather it indicates that Plaintiff has elected to abandon these claims, despite her disagreement with Judge Mix's analysis. Accordingly, the Court will adopt Judge Mix's findings regarding the claims under the first list without further analysis.

The second list is labeled "[o]n all claims recommended to be dismissed with prejudice Plaintiff files her written objections . . . ." (*Id*. at 3.)[3] Plaintiff begins with an objection to Judge Mix's findings regarding her "RICO claims." (*Id.* at 5.) To support this contention, Plaintiff asserts that "all elements of RICO have been properly plead

---

[2] This list comprises "all claims asserted against": Defendant Adams (Counts 9, 10, 42, and 43), Defendants Schofield and Faddis (Counts 9, 10 in part), Defendants Aurora City Police Department, Denver Police Department, Greenwood Village Police Department, and Arapahoe County Sheriff's Office (Counts 1, 3, 5, 9, 13, 14, 16, 18, 19, 23 in part, 26), Count 1 with respect to any Fifth, Sixth, and Seven Amendment claim, Counts 22 and 23, Count 15 against Defendants Chambers-Nelson and Shiffrin, Count 18, and all 42 U.S.C. § 1983 conspiracy claims (Counts 8, 9, 14). (ECF No. 158 at 2.)

[3] This list includes: Racketeer Influenced and Corrupt Organizations Act ("RICO") claims (Counts 42–47), Emergency Medical Treatment and Active Labor Act ("EMTALA") claims against individual medical defendants (Counts 27, 29, 31, 33, 35, 38 in part), mail fraud (Counts 28, 30, 32, 34, 36, 37, 39, 40), theft (Count 41), 42 U.S.C. § 1983 claims predicated on negligence (Counts 6, 7, 11, 12, 16, 17, 24, 25), supervisory claims against Defendant Walcher and White (Counts 1, 2, 4, 5 in part), Count 18, and her 42 U.S.C. § 1983 conspiracy claims (Count 9 in part). (ECF No. 158 at 3.)

and as such, would withstand a Rule 12(b)(6) motion to dismiss." (*Id*.)  Throughout the remainder of her Objection she states similarly worded conclusory objections to her EMTALA, mail fraud, theft, conspiracy, and 42 U.S.C. § 1983 claims.  (*See id*. at 5–8.)

Plaintiff's objections are not sufficiently specific, given that they do barely more than announce her desired outcome.  Her arguments do not describe with specificity why or how Judge Mix's analysis and findings are unsupported or contrary to the record or law.[4]  Moreover, her arguments do not permit the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *2121 East 30th St.*, 73 F.3d at 1059.  Thus, given the lack of an effective objection, the Court reviews Judge Mix's recommendation for clear error.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (in the absence of a specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate").

This Court has warned Plaintiff on multiple occasions that she must, in a clear and concise manner, identify: "(1) the specific claims she is asserting, (2) the specific facts that support each asserted claim, (3) against which Defendant or Defendants she is asserting each claim, and (4) what each Defendant did that allegedly violated her

---

[4] The single exception is Plaintiff's objection to Judge Mix's finding regarding Count 9. (*See* ECF No. 158 at 7 (citing ECF No. 157 at 34).)  Plaintiff asserts that "Defendants Ray and Wilkendorf are not being specifically mentioned in the [R]ecommendation.  Plaintiff asserts all claims against them should not be dismissed with prejudice and she would like to be permitted to amend her claims." (*Id.* at 7–8.)  However, Plaintiff's assertion is incorrect.  While addressing Plaintiff's 42 U.S.C. § 1983 conspiracy claim under Count 9, Judge Mix specifically stated "in Count 9, Plaintiff alleges that various Defendants from the Denver Police Department, Aurora Police Department, Denver and Arapahoe District Attorney's Offices, and her insurance company and agent participated in a conspiracy." (ECF No. 157 at 35.)  While it is true that no Defendant officer of the respective law enforcement offices relating to Count 9 are individually named, they are specifically referred to by position in Judge Mix's analysis.  Accordingly, this objection is overruled.

rights." (ECF No. 86 at 4; *see also* ECF No. 148 at 6 ("Plaintiff's allegations against unspecified defendants and other actors are equally lacking in specificity.").) Here, Judge Mix found that Plaintiff's SAC contained "sparse" and "conclusory" allegations against many of the named Defendants. (*See* ECF No. 157 at 9–36.) As a result, Judge Mix found that many of those allegations were insufficient to state a claim and accordingly recommended that certain claims be dismissed *with prejudice*, and others *without prejudice*. (*Id*. at 36–38.) Notably, as for those claims dismissed *without prejudice*, Judge Mix specifically recommended that Plaintiff be permitted leave to amend her SAC with respect to those claims *only*.[5] (*Id*. at 36.)

The Court agrees with Judge Mix. Having reviewed the Recommendation and

---

[5] In her Objection Plaintiff notes she "does however expect to include the City of Denver and the City of Aurora to this case as defendants and their counsel already are included in this case." (ECF No. 158 at 9.) Plaintiff further requests that "the Court waive [] the requirement to supply the original complaint and all amendments previously filed on the parties as (1) they already have these documents, (2) duplicity would escalate Plaintiff's litigation costs unnecessarily[,] and (3) there will be no prejudice to any party as there will be no new counsel for defendants added to the case." (*Id*.)

The Court understands Plaintiff to be referring to D.C.COLO.LCivR 15.1(b). This rule imposes two requirements: (1) submitting a redline comparison to the previous complaint, and (2) "fil[ing] and serv[ing] the amended pleading on all parties under Fed. R. Civ. P. 5 no later than 14 days after the filing of the order granting leave to amend." The Court excuses Plaintiff, in this instance only, from submitting a redline comparison. As for filing the Third Amended Complaint within 14 days, the Court extends that to 21 days. Finally, as for "fil[ing] and serv[ing] the amended pleading on all parties under Fed. R. Civ. P. 5," Plaintiff can accomplish this by mailing the Third Amended Complaint to the Clerk's Office, as she has done with all of her other filings. When the Clerk's Office receives it, it will scan it and docket it on CM/ECF, and then CM/ECF will automatically transmit the Third Amended Complaint to all defendants. Thus, Plaintiff need not mail separate copies of the Third Amended Complaint to the remaining defendants.

Further, and in line with Judge Mix's Recommendation, no new parties shall be added by way of her Third Amended Complaint. Plaintiff is *only* permitted leave to amend her claims against any Defendants dismissed *without prejudice*; again, Plaintiff is not permitted leave to name additional defendants, regardless of whether their lawyers are already participating in this case.

the record the Court concludes that Judge Mix's analysis was thorough and sound, and that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); see also Summers, 927 F.2d at 1167.[6] Further, those Defendants against whom Plaintiff may amend under Judge Mix's Recommendation have not filed objections to that portion of the Recommendation.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 158) to the Magistrate Judge's Recommendation is OVERRULED;

2. The Magistrate Judge's Recommendation (ECF No. 157) is ADOPTED in its entirety;

3. Defendants' Motions to Dismiss (ECF Nos. 89, 91, 97, 100, 106, 108, 134, 138) are GRANTED as follows:

    a. All claims against Defendant Adams (Counts 9, 10, 42, 43) are dismissed *with prejudice*;

    b. All RICO claims (Counts 42–47) are dismissed *with prejudice*;

---

[6] Recognizing an oversight by Judge Mix, Defendant Carepoint states in its response to Plaintiff's Objection that Judge Mix only provides a recommendation regarding Plaintiff's EMTALA claims against the individual medical defendants and the hospital defendants, but not as to Defendant Carepoint. (ECF No. 168 at 4–5.) "Carepoint Healthcare, LLC is a corporation that employs some of the [dismissed] individually named defendants." (*Id.* at 4.)

As Judge Mix explained, EMTALA only authorizes civil actions against participating hospitals, and not against individual physicians. (*See* ECF No. 157 at 14 (citing *Delaney v. Cade*, 986 F.2d 387, 393–94 (10th Cir. 1993)).) The Court finds that Plaintiff fails to set forth any facts in her SAC that suggests that Defendant Carepoint was operating as a hospital, and thus subject to the requirements of EMTALA. Accordingly, the Court dismisses *with prejudice* Plaintiff's EMTALA claims against Defendant Carepoint (Counts 29, 31, 33, 35, and 38).

c. All EMTALA claims against the individual medical defendants (including Carepoint) (Counts 27, 29, 31, 33, 35, 38 in part) are dismissed *with prejudice*;

d. All mail fraud claims (Counts 28, 30, 32, 34, 36, 27, 29, 40) are dismissed *with prejudice*;

e. The theft claim (Count 41) is dismissed *with prejudice*;

f. All § 1983 claims predicated on negligence (Counts 6, 7, 11, 12, 16, 17, 24, 25) are dismissed *with prejudice*;

g. All claims against Defendants Schofield and Faddis (Counts 9, 10 in part) are dismissed *with prejudice*;

h. All claims asserted against Defendants Aurora City Policy Department, Denver Police Department, Greenwood Village Police Department, and Arapahoe County Sheriff's Office (Counts 1, 3–5, 9, 13, 14, 16, 18, 19–22, 23 in part, 26) are dismissed *with prejudice*;

i. All claims against Defendants Walcher and White (Counts 1–4, 5 in part) are dismissed *with prejudice*;

j. All Fifth, Sixth, and Seventh Amendment claims presented in Count 1 are dismissed *with prejudice*;

k. All claims presented in Counts 15 (specifically against Defendants Chambers-Nelson and Shiffrin), 18, 22, and 23 are dismissed *with prejudice*;

l. All § 1983 conspiracy claims (Counts 8, 9, 14) are dismissed *with prejudice*;

m. All EMTALA claims against the hospital medical defendants (Counts 27, 29, 31, 33, 35, 38 in part) are dismissed *without prejudice*;

n. All claims against the individual District Attorney's Offices (Counts 9, 10, 13 in part) are dismissed *without prejudice*;

o. All First, Fourth, Eighth, and Fourteenth Amendment claims presented in Count 1 against Defendants Lewis, Wood, and Defendant John Doe Deputy/Officers are dismissed *without prejudice*;

p. All claims against Defendants Lewis, Wood, and Denver John Doe Deputy/Officers (Counts 3–5) are dismissed *without prejudice*;

q. All First Amendment and Equal Protection claims presented in Count 19 against Defendants Pappas, Van Pelt, Herko, Alfaro, Sanchez, Aurora John Doe Officer, and Adlfiger are dismissed *without prejudice*; and

r. All claims presented in Counts 20 and 21 against Defendants Pappas, Van Pelt, Herko, and Alfaro are dismissed *without prejudice*.

4. Plaintiff is granted leave to amend her Second Amended Complaint (ECF No. 88) *only* with respect to the following claims against any Defendants dismissed *without prejudice*:[7]

---

[7] The Court reminds Plaintiff that Fed. R. Civ. P. 8(a) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The philosophy of Fed. R. Civ. P. 8(a) is reinforced by Fed. R. Civ. P. 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

    a.     EMTALA claims against the hospital medical defendants (Counts 27, 29, 31, 33, 35, 38 in part);

    b.     Count 1 with respect to First, Fourth, Eighth, and Fourteenth Amendment claims;

    c.     Counts 3–5;

    d.     Count 19 with respect to Plaintiff's First Amendment and Equal Protection claims asserted against Defendants Pappas, Van Pelt, Herko, Alfaro, Sanchez, Aurora John Doe Deputy/Officer, and Adlfiger; and

    e.     Counts 20 and 21 with respect to the claims against Defendants Pappas, Van Pelt, Herko, and Alfaro; and

5.     Plaintiff shall file her proposed Third Amended Complaint no later than 21 days after service of this Order.

---

In the Court's view, Plaintiff's SAC rambles on with superfluous information which muddies the factual bases underlying her claim and it is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

While *pro se* pleadings should be construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers, *see Hall*, 935 F.2d at 1110, that standard does not override a *pro se* plaintiff's responsibility to provide a simple and concise statement of her claims and the specific conduct that gives rise to each asserted claim. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Further, failure to file an amended complaint that complies with this Order may result in sanctions, including a finding that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). *See also* D.C.COLO.LCivR 41.1.

Dated this 14th day of September, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge